UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MOORISH HOLEY TEMPLE OF SCIENCE OF WORLD FREE AND SUNDRY, ET AL. *Plaintiffs*, | ) ) ) ) ) | CASE NO. 21-CV-01564 (KAD) |
| v. | ) ) | |
| STATE OF CONNECTICUT ET AL., *Defendants*. | ) ) | SEPTEMBER 11, 2023 |

## ORDER DISMISSING AMENDED COMPLAINT

Kari A. Dooley, United States District Judge:

This case arises from an interaction between Plaintiff Jelani Diliza Abdullah Bey ("Jelani Bey")[1] and several members of the East Hartford Police Department on October 27, 2021. Named as defendants are the state of Connecticut, the Town of East Hartford ("East Hartford"), the East Hartford Police Department ("EHPD"), and EHPD personnel Scott Sansom and Daniel Guilfuchi (collectively, "the Defendants"). Plaintiff filed an original complaint on November 22, 2021. The Plaintiff sought to proceed *in forma pauperis*, so the Court (Spector, M.J.) undertook an initial review and issued a recommended ruling, construing the complaint as containing allegations of First Amendment violations pursuant to 42 U.S.C. § 1983, and recommending that the Complaint be dismissed in part with prejudice and in part without prejudice. *See* ECF No. 8. Thereafter, Plaintiff filed an Amended Complaint on March 2, 2022, in which he clarifies that his claims are premised *entirely* on the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq*.[2] He specifically eschewed any assessment that his claims are pursued pursuant to § 1983.

---

[1] Also identified as Plaintiffs are the Moorish Holy Temple of Science of World Free and Sundry, Moorish Science Temple of America, Moorish Holy Ministry of Land Transport and Navigation, and Akeem Abdelbari Ben Yossef Bey ("A. Bey").
[2] The Amended Complaint is labeled and reads as a "rebuttal" to the Recommended Ruling.

Plaintiff also paid the filing fee, rendering moot the recommended ruling. *See* ECF. No. 14. Pending before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5) & (6). For the following reasons, the Amended Complaint is dismissed with prejudice.

**Facts and Procedural History**

Although the original complaint in this matter was filed on November 22, 2021, by July 14, 2022, Plaintiff had failed to effectuate service on any defendant. The Court therefore ordered the Plaintiff to comply with Rule 4(m) within 30 days or face dismissal of the complaint. On August 16, 2022, the case was dismissed for failure to comply with Rule 4(m). Plaintiff was afforded 45 days to move to re-open upon a showing of good cause as to the failure to serve the defendants. On August 19, 2022, Plaintiff filed a request to the Clerk for the issuance of summonses. The Court construed the request as a motion to re-open, granted the motion, and electronic summonses were issued. *See* ECF No. 18. At that time, the Court advised the Plaintiff that it was his obligation to effectuate service within 30 days and to file returns on the docket. *See id.* On September 14, 2022, Plaintiff filed a file a return of service with respect to Defendants Sansom and Guilfuchi. *See* ECF No. 21.

As indicated, Plaintiff's claims stem from an interaction with East Hartford police officers on October 27, 2021. On this date, Plaintiff Jelani Bey was approached by an officer and asked to present his driver's license and his vehicle registration. Plaintiff provided several documents[3] relating to the car's insurance as well as Plaintiff's religious affiliation, the Moorish Holy Temple. The documents showed his name as Jelani Khalfani Bey, but the officers inquired whether he had

---

[3] Plaintiff provided his "Nationality and Identification card given to us by our Prophet Noble Crew Ali in 1927," paperwork with the make, model, year, and information about the car, a debit card, his "state certified guard card," his State Farm insurance policy, and the articles of incorporation for both the Ministry of Land Transport and Navigation, as well as the Moorish Holy Temple of Science of the World, Free and Sundry, Moorish Science Temple of America.

2

ever had any other name, including "Greg Mack." Plaintiff told the officers he no longer answers to that name, after which the officers allegedly made "derogatory and antagonist remarks and allegations." Unable to verify Plaintiff's identity, the officers brought him to the East Hartford police station for fingerprinting. The officers handcuffed him and placed him in the police car to transport him. At the station, Plaintiff refused to be fingerprinted, and the officers told him that in the state of Connecticut, he would be known as "Gregory Mack." The next day, Plaintiff had to make efforts to retrieve his car, which had been towed.

With these allegations, Plaintiff claims that Defendants Sansom and Guilfuchi did not legitimize Plaintiff's membership in the Moorish Holy Temple, which exempts him from the laws of Connecticut and/or the United States. According to Plaintiff's religion, for example, he is not required to drive with a Connecticut driver's license or to register the vehicle with the state. More generally, Plaintiff alleges that as a lawfully chartered foreign religious corporation, the Moorish Holy Temple is established by way of its own religious doctrine, which allows certain members to own, manage, and operate real property. Thus, by requiring Plaintiff to present a driver's license and vehicle registration for his vehicle, and by questioning his identity as defined by the state of Connecticut while at the police station, Defendants restricted or interfered with his religious rights.[4]

**Discussion**

As noted, Plaintiff purports to bring claims on behalf of Moorish Holy Temple of Science of World Free and Sundry, Moorish Science Temple of America, Moorish Holy Ministry of Land Transport and Navigation, and Akeem Abdelbari Ben Yossef Bey ("A. Bey"). This, he cannot do. It is well established that an artificial entity cannot proceed *pro se*, and any person who represents

---

[4] It appears that Plaintiff may also bring state law claims for false imprisonment as well as assault and battery.

an artificial entity must "be an attorney licensed to practice law before our courts." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). Plaintiff is not a licensed attorney admitted to the bar of this Court. Further, Plaintiff does not have legal standing to assert claims for anyone other than himself, to include A. Bey. *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) ("a plaintiff may ordinarily assert only his own legal rights, not those of third parties").[5]

All claims purportedly brought on behalf of A. Bey and the three organizational defendants are dismissed. *See also Harewood-Bey v. Biden,* 22-CV-1472 (LTS), 2022 WL 17832565, at *5 (S.D.N.Y. Dec. 19, 2022).

*RFRA*

Plaintiff's claims under RFRA also fail. Plaintiff cannot proceed with a claim under RFRA against the defendants or any state actors. RFRA prohibits the "government" from imposing a substantial burden upon a person's exercise of religion, "even if the burden results from a rule of general applicability," unless the government can demonstrate that the government's conduct furthers a compelling interest and is the least restrictive means of furthering that interest. *Gonzales v. O'Centro Espirata Benificiente Uniao do Vegetal*, 546 U.S. 418 (2006) (citing 42 U.S.C. § 2000bb-1(a)). However, RFRA does not regulate conduct by state actors, and the Supreme Court has invalidated RFRA as applied to the states and their subdivisions. *See City of Boerne v. Flores*, 521 U.S. 507, 515–516 (1997); *see also Holt v. Hobbs,* 574 U.S. 352, 357 (2015) (where RFRA exceeded Congress' power under Section 5 of the Fourteenth Amendment). Accordingly, RFRA remains operative only as to the federal government. *See Cutter v. Wilkinson*, 544 U.S. 709, 715

---

[5] The rule against third-party standing is not absolute, but the Complaint does not provide any basis for finding third-party standing. *See generally Camacho v. Brandon*, 317 F.3d 153, 159 (2d Cir. 2003) (setting forth legal standard for third party standing). Indeed, there are no factual allegations regarding A. Bey at all.

n.2 (2005); *see also Harewood- Bey,* 2022 WL 17832565, at *2. As all Defendants here are either the state, the Town of East Hartford, or the EHPD or its personnel, Plaintiff fails to state a claim under RFRA for which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); *see Bey v. Lyons*, Case No. 3:17-cv-01068, 2018 WL 4572719, at *4 n.6 (M.D. Tenn. Aug. 15, 2018) ("…to the extent that Bey intended to raise a separate claim under RFRA, that claim fails because RFRA may only support a cause of action against the federal government").

*Rules 12(b)(2) and (b)(5)*

Further, the Town of East Hartford asserts that all claims against it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for insufficient service of process. Specifically, East Hartford asserts that it was never served with a summons in this matter. Effective service of process on defendants is a prerequisite to the Court's exercise of personal jurisdiction over them. *See, e.g., Kirkendall v. Univ. of Conn. Health Ctr.*, 205 F.3d 1323 (Table), 2000 WL 232071, at *1 (2d Cir. Jan. 31, 2000); *see also* Fed. R. Civ. P. 4(k)(1)(A) ("[s]erving a summons…establishes personal jurisdiction over a defendant…"). A defendant who moves to dismiss a claim under Rule 12(b)(5) need "satisfy the requirement that [a]n objection to service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Davis v. Mara*, 587 F. Supp. 2d 422, 429 (D. Conn. 2008) (internal quotations omitted). And it is the plaintiff who bears the burden of proving adequate service. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

Pursuant to Fed. R. Civ. P 4(j), absent a waiver of service from a municipality, the defendant must be served by "delivering a copy of the summons and of the complaint to its chief

executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Here, as discussed above, the Clerk issued electronic summons on August 22, 2022. *See* ECF No. 20. Plaintiff returned an executed summons only as to Chief Sansom and Officer Guilfuchi on September 14, 2022, *see* ECF No. 21, but never returned an executed summons for East Hartford. With no return of service nor a Waiver of Service by East Hartford, Plaintiff has not met his burden. Indeed, the only conclusion to be reached is that service was not made, and the Court therefore may not exercise personal jurisdiction over East Hartford. All claims against the Town of East Hartford are dismissed for this reason as well.

Similarly, the state is non-appearing, and there is no indication that the state was ever served with process in this case. The claims against the state are dismissed for this reason as well.

**Conclusion**

For the foregoing reasons, the Amended Complaint is DISMISSED with prejudice. The Clerk of Court is directed to close this case. [6]

**SO ORDERED** at Bridgeport, Connecticut this 11th day of September 2023.

         */s/ Kari A. Dooley*
         KARI A. DOOLEY
         UNITED STATES DISTRICT JUDGE

---

[6] Insofar as all federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over remaining state law claims, if any, against Defendants Sansom and Guilfuchi. *See Kirkendall*, 205 F.3d 1323 (Table), 2000 WL 232071, at *2 ("Having dismissed all of the federal claims without considering their merits, it was proper for the District Court not to exercise jurisdiction over [Plaintiff's] pendent state law claims."); *see also* 28 U.S.C. Section 1367(c)(3).